## 5747.  CARTER v. THE STATE.

RUSSELL, C. J.  1. The court did not err in overruling the demurrer to the indictment.

2. It appears, from the instructions of the Supreme Court in response to the certified questions propounded in this case (143 *Ga.* 632, 85 S. E. 884), that the revision of the jury lists of Gilmer county which was ordered by the judge of the superior court during the October term, 1913, was unauthorized by law and was null and void, and that the judge erred in overruling the challenge to the array of the jurors empaneled to try the defendant. Since the further proceedings in the trial were

nugatory, it is unnecessary to consider the remaining assignments of error.                                                    *Judgment reversed.*

DECIDED SEPTEMBER 17, 1915.

Indictment for embezzlement; from Gilmer superior court—Judge Patterson. May 7, 1914.

The indictment charged John H. Carter with "the offense of embezzlement, for that the said John H. Carter, on the 15th day of October, in the year of our Lord 1910, in the county aforesaid [Gilmer] with force and arms, did then and there feloniously, being the president of the Gilmer County Bank, the same being a corporate body in said State, embezzle, steal, secrete, and fraudulently take and carry away from said bank thirty-three and one eighth shares of the capital stock of the Bank of Murphy, of Murphy, Cherokee county, N. C., of the value of $100 each, and ten shares of the capital stock of the First National Bank of Quincy, Gadsden county, Fla., of the par value of $100 per share and of the value of $100 each, and eighteen shares of the capital stock of the North Georgia National Bank, of Blue Ridge, Fannin county, Ga., of the par value of $100 per share and of the value of $100 each, and appropriate said stock and stocks and shares to his own use, to the damage and loss of said bank; all of said shares and stocks being the property of the said Gilmer County Bank, contrary to the laws of this State," etc.

The demurrer was on the following grounds: (1) A share of stock is an incorporeal, intangible, invisible thing or property; shares of stock in a corporation are not chattels personal susceptible of possession, actual or constructive; shares of stock can not be embezzled, and are not embraced in the statute applicable to embezzlement. (1-A) The allegations of fact made in the indictment do not constitute the crime of embezzlement under the laws of this State; for the reasons: (a) It is not alleged that the various shares of stock described in the indictment were entrusted to the defendant, or were ever in his possession, custody, or control as president of the Gilmer County Bank. (b) It is not alleged that the defendant was ever in possession of or entrusted with the shares of stock by virtue of his being president of the Gilmer County Bank. (c) It is not alleged that the defendant, by virtue of being president of the Gilmer County Bank, was in possession of the shares of stock described. (d) It is not alleged that the

defendant, by virtue of being president of the Gilmer County Bank, was an officer having management or control of assets, stocks, or funds of said bank, including the shares of stock described in the indictment, or was ever in possession of the same. (2) The indictment fails to charge in what manner or by what means the defendant did "fraudulently take and carry away" the things alleged in the indictment. (3) Section 186 of the Penal Code, under which the defendant was indicted, is in violation of article 1, section 1, paragraph 2, and section 4, paragraph 1, of the constitution of this State, and is unconstitutional and void for the reasons: (a) Under said section 186 it is a felony for the president of a bank or corporation or any other corporate body in this State, or any other officers, servants or persons named in said section, to steal, while, under the general law, if any persons or officers named in said section steal it is a misdemeanor. Said statute or section of the code does not give the same protection to the persons named therein that it does to other persons for stealing, and is therefore not impartial and uniform in its operation. (b) Under said section it is a felony for any president of a bank in this State, or the other officers or servants named in said section, to steal; if any other persons steal it is a misdemeanor, and a different punishment is prescribed. At the time of the enactment of said statute there was a uniform statute applying to all persons and giving a uniform punishment as for a misdemeanor for any and all persons that did steal. This statute denies the equal protection of the laws. It is not uniform in its nature, and is a special law enacted in a case for which provision had been made by an existing general law; it is therefore in violation of article 1, section 4, paragraph 1 of the constitution, and is in violation of the 14th amendment of the constitution of the United States.

The constitutional questions raised by the demurrer, and other questions raised in the case, were certified to the Supreme Court. See 143 *Ga.* 632 (85 S. E. 884).

. *F. B. Carter, B. L. Smith, O. R. Dupree, N. A. Morris, George D. Anderson,* for plaintiff in error.

*Herbert Clay, solicitor-general, George F. Gober,* contra.